# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **PABLO G. CABRERA,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 11-151-FHS-KEW |
| | ) |
| **ANITA TRAMMELL, Warden,** | ) |
| **and I.N.S.,** | ) |
| | ) |
| Respondents. | ) |

## OPINION AND ORDER

This matter is before the court on Respondent Anita Trammell's motion to dismiss petitioner's petition for a writ of habeas corpus. Petitioner, an inmate currently incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma, brings this action pursuant to 28 U.S.C. § 2241 as a challenge to an INS (Immigration and Naturalization Service), now Immigration and Customs Enforcement (ICE), detainer that he alleges will result in his deportation to Cuba. Although his petition is difficult to understand, he states he is seeking an order "directing the respondents to recall and dismiss the 1993 I.N.S. REQUEST that the respondents have been using as a DETAINER to effect [sic] his treatment, custody, classification & etc."

> A detainer usually serves only as a notice to [] prison authorities that the INS is going to be making a decision about the deportability of the alien in the future. The reasoning follows that the detainer does not serve to establish conclusively either present or future restraints on liberty. Because there is no actual claim to the alien following the completion of his sentence, there is no custody.

*Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994) (citations omitted), *cert.*

*denied*, 513 U.S. 1086 (1995).  If the detainer were coupled with an order of deportation, however, the "in-custody" requirement of § 2241 could be met.  *Id*.  Because petitioner has made no allegation that an order of deportation has been issued, the detainer does not place him in custody for purposes of § 2241.  Consequently, this court lacks jurisdiction over petitioner's claim concerning the detainer.

Regarding petitioner's allegations that prison officials have used the detainer to prevent his transfer to a minimum security facility and otherwise worsen his confinement and sentence, habeas corpus is not the proper means for raising challenges to conditions of confinement.  *See Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000), *cert. denied*, 531 U.S. 1083 (2001).  Such issues must be presented in a civil rights complaint, pursuant to 42 U.S.C. § 1983, after all administrative remedies have been exhausted.  *See* 42 U.S.C. § 1997e(a).  Therefore, petitioner has not stated a claim under 28 U.S.C. § 2241.

**ACCORDINGLY,** Respondent Anita Trammell's motion to dismiss [Docket No. 8] is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 1st day of February, 2012.

Frank H. Seay
United States District Judge